United States Courts
Southern District of Texas
FILED

JUL 06 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | H 17 419 |
|---|---|---|
| v. | § | Criminal No. _____ |
| GAZELLE CRAIG, D.O., and SHANE FAITHFUL, | § | UNDER SEAL |
| Defendants. | § | |

## INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations:

a. As of on or about October 6, 2014, Hydrocodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Prior to on or about October 6, 2014, Hydrocodone was classified as a Schedule III controlled substance. Hydrocodone, sometimes prescribed under brand names including Norco, Lortab, and Vicodin, was used to treat severe pain. Hydrocodone, as with other opioids, was highly addictive.

b. Carisoprodol was classified as a Schedule IV controlled substance. 21 C.F.R. § 1308.14(c). Carisoprodol, sometimes prescribed under brand name Soma, was a muscle relaxant.

5. Medical practitioners, such as physicians and nurse practitioners, who were authorized to prescribe controlled substances by the jurisdiction in which they were licensed to practice medicine were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered with the Attorney General of the United States. 21 U.S.C. § 822(b); 21 C.F.R. § 1306.03. Upon application by the practitioner, the Drug Enforcement Administration (DEA) assigned a unique registration number to each qualifying medical practitioner including physicians and nurse practitioners.

6. Chapter 21 of the Code of Federal Regulations, Section 1306.04 governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported

prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

7. All prescriptions for controlled substances had to be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a). "The refilling of a prescription for a controlled substance listed in Schedule II is prohibited." 21 C.F.R. § 1306.12(a); 21 U.S.C. § 829(a).

8. Title 3 of the Texas Occupations Code Section 157.0511 delineated a physician's authority to delegate the prescribing or ordering of a Schedule III, IV, or V controlled substance, including to an Advanced Practice Registered Nurse (APRN) or physician assistant.

## DEFENDANTS

9. Defendant **GAZELLE CRAIG** was licensed by the State of Texas to practice medicine and maintained a DEA Registration Number. **GAZELLE CRAIG** was employed as the physician at Gulfton Community Health Center ("Gulfton Clinic").

10. Gulfton Clinic was an unregistered pain clinic, doing business at 6306 Gulfton Street, Suite 101, Houston, Texas 77081.

11. Defendant **SHANE FAITHFUL** was an Administrator, manager and owner of Gulton Clinic.

## COUNT ONE
### Conspiracy to Unlawfully Distribute and Dispense Controlled Substances
### (21 U.S.C. § 846)

12. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

13. From in or around March 2015 through in or around July 2017, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas and elsewhere, Defendants

**GAZELLE CRAIG and SHANE FAITHFUL**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly, intentionally, and unlawfully distribute and dispense, mixtures and substances containing a detectable amount of controlled substances, including Hydrocodone, a Schedule II controlled substance, and Carisoprodol, a Schedule IV controlled substance, not with a legitimate medical purpose and outside the scope of professional practice.

All in violation of Title 21, United States Code, Sections 846.

## Purpose of the Conspiracy

14.     It was the purpose and object of the conspiracy for Defendants to unlawfully enrich themselves by, among other things: (a) prescribing controlled substances without a legitimate medical purpose and outside the scope of professional practice; (b) generating large profits from those prescriptions; and (c) diverting the proceeds from those controlled substance prescriptions for the personal use and benefit of Defendants and their coconspirators known and unknown to the Grand Jury.

## Manner and Means of the Conspiracy

The manner and means by which Defendants and their coconspirators sought to accomplish the purpose and object of the conspiracy included, among other things:

15.     **GAZELLE CRAIG** maintained a Texas medical license and a DEA Registration Number. With these credentials, **GAZELLE CRAIG** wrote prescriptions for Schedule II–IV controlled substances, including Hydrocodone and Carisoprodol, among others.

16.     **SHANE FAITHFUL** managed and oversaw the operations of Gulfton Clinic.

17.     **GAZELLE CRAIG** and **SHANE FAITHFUL** operated Gulfton Clinic as a "pill mill."

18.     "Facilitators" or "crew leaders" often dropped off several patients at Gulfton Clinic. These patients, and others, lined up outside of Gulfton Clinic to obtain a prescriptions for controlled substances from **GAZELLE CRAIG**.

19. **GAZELLE CRAIG** and **SHANE FAITHFUL** hired armed security guards to work at Gulfton Clinic. These security guards instructed patients to turn off cell phones, and other electronic devices, before entering Gulfton Clinic.

20. Each patient paid approximately $300 to Gulfton Clinic for a "medical visit" with **GAZELLE CRAIG**. Such "medical visits" with **GAZELLE CRAIG** lasted several minutes.

21. **GAZELLE CRAIG** then wrote for patients prescriptions for controlled substances, which were without a legitimate medical purpose and outside the scope of professional practice.

22. **GAZELLE CRAIG** commonly wrote patients prescriptions for, among other drugs, Hydrocodone, a highly addictive and often-abused opioid, and Carisoprodol, a muscle relaxer that, when taken with an opioid, enhances the patient's "high" from the opioid.

23. **GAZELLE CRAIG** and **SHANE FAITHFUL**, and their coconspirators, split the proceeds from prescribing controlled substances without a legitimate medical purpose and outside the scope of professional practice.

All in violation of Title 21, United States Code, Sections 846 & 841(b)(1)(C), (b)(2).

## COUNTS TWO - FOUR
### Unlawfully Distributing and Dispensing Controlled Substances and Aiding and Abetting
### (21 U.S.C. § 841 & 18 U.S.C. § 2)

24. Paragraphs 1 through 11 and 15 through 23 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

25. On or about the dates specified below, in the Houston Division of the Southern District of Texas, Defendants,

**GAZELLE CRAIG and SHANE FAITHFUL,**

aiding and abetting and aided and abetted by others known and unknown to the Grand Jury, did unlawfully distribute and dispense, not for a legitimate medical purpose and outside the scope of professional practice, the controlled substances alleged below:

| Count | On or about date | Controlled Substances | "Patient" |
|---|---|---|---|
| 2 | March 10, 2017 | Norco<br>Soma | D.W. |
| 3 | May 16, 2017 | Norco<br>Soma | D.W. |
| 4 | June 15, 2017 | Norco<br>Soma | T.J. |

All in violation of Title 21, United States Code, Section 841(a), (b)(1)(C), (b)(2) & Title 18, United States Code, Section 2.

7

## NOTICE OF CRIMINAL FORFEITURE
### (21 U.S.C. § 853(a))

26. Pursuant to Title 21, United States Code, Section 853(a), the United States of America gives notice to Defendants

**GAZELLE CRAIG and SHANE FAITHFUL**

that upon conviction of an offense in violation of Title 21, United States Code, §§ 841 and 846, the following is subject to forfeiture:

    a. all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

    b. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### Money Judgment

27. Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

28. Defendants are notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of Defendants up to the total value of the property subject to forfeiture.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

SCOTT ARMSTRONG
TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE